UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MATTHEW WINFIELD,<br>    Plaintiff,<br><br>v.<br><br>CHARLES E. HERMAN and UNITED STATES POSTAL SERVICE,<br>    Defendants. | C.A. No. 23-211-JJM-LDA |

## ORDER

### I. BACKGROUND

Plaintiff Matthew Winfield brought a complaint in Rhode Island Superior Court against the United States Postal Service ("USPS") and Charles E. Herman, a USPS employee. ECF No. 3, Ex. A. Mr. Winfield claims to have been injured when Mr. Herman negligently operated a USPS vehicle in the course of his employment with USPS, causing it to crash. *Id.* at ¶ 4. The collision occurred on May 1, 2020, and Mr. Winfield claims to have sent a letter of representation to Mr. Herman on November 6, 2020. *See* ECF No. 5 at 3. There was no further action by Mr. Winfield until the filing of the complaint on April 6, 2023. ECF No. 3, Ex. A. The United States removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1) (ECF No. 1), and now seeks dismissal, or summary judgment, contending that the government's sovereign immunity was not waived under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, *et seq.* ECF No. 4.

## II.  STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), a plaintiff must present facts that make her claim plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine plausibility, the Court must first review the complaint and separate conclusory legal allegations from allegations of fact. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 53 (1st Cir. 2013) (citation omitted). Next, the Court must consider whether the remaining factual allegations give rise to a plausible claim of relief. *See id.* (citations omitted).

To state a plausible claim, a complaint need not detail factual allegations, but must recite facts sufficient at least to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" cannot suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557); *see also Soto-Torres v. Fraticelli*, 654 F.3d 153, 159 (1st Cir. 2011) (internal quotation marks omitted) (citation omitted) ("combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief").

III.  DISCUSSION

### A. The United States is Entitled to Sovereign Immunity for All Civil Claims Except Those Brought Under the FTCA

As "an independent establishment of the executive branch of the Government of the United States," USPS enjoys federal sovereign immunity absent a waiver. *Dolan v. United States Postal Serv.*, 546 U.S. 481, 483-84 (2006) (quoting 39 U.S.C. § 201); *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Under the Postal Reorganization Act, the FTCA "appl[ies] to tort claims arising out of activities of the Postal Service." 39 U.S.C. § 409(c). The FTCA grants this Court jurisdiction over claims against the United States for tortious acts of its employees "where the United States, if a private person, would be liable . . . [under] the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).[1] The FTCA is strictly construed, and this "Court[] must faithfully enforce these requirements, neither extend[ing] the waiver beyond that which Congress intended [nor assuming] authority to narrow the waiver." *Donahue v. United States*, 634 F.3d 615, 622 (1st Cir. 2011) (alterations in original) (internal quotation marks omitted) (quoting *United States v. Kubrick*, 444 U.S. 111, 118 (1979)). Thus, any tort claims against USPS must be brought under the FTCA. Because it is uncontested that Mr. Herman

---

[1] For a suit to be cognizable under Section 1346(b), the United States must be named as a defendant and the federal agency cannot be sued "in its own name." *Meyer*, 510 U.S. at 476. USPS is thus not the proper defendant. And even if Mr. Winfield were to amend his complaint, the jurisdictional issues discussed later remain fatal to subject-matter jurisdiction.

3

was a federal employee acting within the scope of his employment at the time of the accident, he must be dismissed from the action and have the United States substituted as a defendant in his place. *Gutierrez De Martinez v. Lamagno*, 515 U.S. 417, 420 (1995).

### B. Mr. Winfield's Failure to Exhaust Administrative Remedies Under the FTCA Bars Federal Subject-Matter Jurisdiction

The FTCA's waiver of sovereign immunity is limited, and plaintiffs are required to file an administrative claim before suing under the Act. As the statute explicitly states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing* . . . . The failure of an agency to make [the] final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added). The exhaustion of administrative remedies is a prerequisite to federal subject-matter jurisdiction and cannot be waived. *See McNeil v. United States*, 508 U.S. 106, 112 (1993). A plaintiff must present her claim to the relevant administrative agency, "within two years after such claim accrues," and failure to do so will "forever bar[]" claims against the United States. 28 U.S.C. § 2401(b).

Mr. Winfield contends that a letter of representation sent to Mr. Herman on November 6th, 2020, was adequate to "present a claim," but this letter lacks the requisite information to be considered an administrative claim. *See* ECF No. 5 at 3.

4

The United States Court of Appeals for the First Circuit has held that "[a]n essential element of a claim is 'notification of the incident,' via 'an executed' [form] SF 95 or 'other written' document, 'accompanied by' a demand 'for money damages in a *sum certain*.'" *Holloway v. United States*, 845 F.3d 487, 489 (1st Cir. 2017) (quoting 28 C.F.R. § 14.2(a)); *see also Kokaras v. United States*, 980 F.2d 20, 22 (1st Cir. 1992) (citations omitted) (noting that the First Circuit has "consistently held that a timely-presented claim stating a sum certain is necessary for a court to have jurisdiction to entertain a suit against the United States under the FTCA"). Mr. Winfield's letter of representation is plainly not an administrative claim. *See* ECF No. 5 at 3. While the letter of representation may fall under the category of "other written document," it did not contain a demand for damages in a sum certain, and Mr. Winfield does not claim to have sent such a demand. *See id.* Further, the Postal Service Law Department records contain no evidence of an administrative claim filed by or on behalf of Mr. Winfield. ECF No. 4-1. Given the absence of a proper claim with a *sum certain*, Mr. Winfield did not present his claim to the administrative agency within the two-year statute of limitations. There is also no apparent basis for equitable tolling. Thus, Mr. Winfield's claims against the United States are barred. 28 U.S.C. § 2401(b).

Because 28 U.S.C. § 2675(a) bars federal jurisdiction unless a claim is made to the appropriate federal agency, this Court lacks subject matter jurisdiction and must dismiss the case. Additionally, given that Mr. Herman was a federal employee acting within the course of his employment, the applicability of sovereign immunity, and the

inapplicability of the FTCA, Mr. Winfield has not pled factual allegations that give rise to a plausible claim of relief, and dismissal is also proper under Rule 12(b)(6).

## IV. CONCLUSION

For these reasons, the Court GRANTS Defendants' Motion to Dismiss for lack of subject-matter jurisdiction and failure to state a claim. ECF No. 4.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

June 27, 2023

6